## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JEG POWERSPORTS, LLC,  )
d/b/a STILLWATER HONDA and d/b/a  )
HONDA OF STILLWATER,  )
an Oklahoma Limited Liability Company  )
  )
  )
Plaintiff,  )
  )
vs.  )                 NO. CIV-16-0242-HE
  )
M & N DEALERSHIP VI, LLC, d/b/a  )
BARRY SANDERS HONDA, and d/b/a  )
BARRY SANDERS SUPERCENTER,  )
and d/b/a STILLWATER HONDA CARS,  )
and d/b/a STILLWATER HONDA  )
MOTORS,  )
  )
Defendant.  )

## ORDER

Plaintiff JEG Powersports, LLC, d/b/a Stillwater Honda and d/b/a Honda of Stillwater ("JEG") sued M & N Dealership VI, LLC, d/b/a Barry Sanders Honda and d/b/a Barry Sanders Supercenter and d/b/a Stillwater Honda Cars and d/b/a Stillwater Honda Motors ("M&N"), asserting tradename infringement and unfair competition/false advertising claims under the Lanham Act, 15 U.S.C. §§ 1051–1141, and unfair competition and tradename infringement claims under Oklahoma law. Plaintiff sought injunctive relief and monetary damages. Before trial, plaintiff limited its claims against defendant, asserting only trademark infringement claims under the Lanham Act, 15 U.S.C. § 1125(a), and Oklahoma common law. Specifically, JEG alleged that M&N infringed its unregistered tradenames "Honda of Stillwater" and "Stillwater Honda."

The case was tried to a jury, which found in favor of M&N with respect to plaintiff's claims based on its tradename "Honda of Stillwater." The jury found in favor of plaintiff with respect to its infringement claims based on its tradename "Stillwater Honda" and awarded plaintiff damages in the amount of $160,000.00.[1] The court must now address plaintiff's request for injunctive relief and enhanced damages. The parties have filed supplemental briefs addressed to these issues.[2]

The court is bound by the jury's conclusions that defendant infringed plaintiff's tradename "Stillwater Honda" in violation of both the Lanham Act and Oklahoma common law.[3] It now concludes, having considering the evidence and the parties' supplemental submissions, that plaintiff is entitled to injunctive relief, but not enhanced damages. The court's analysis and rationale for these conclusions follows a summary of the pertinent facts.

---

[1] *In its post-trial report defendant asserts, among other arguments, that the verdict cannot be sustained because it is "either the result of the jury's consideration of improper evidence or is an award of future advertising expenses not yet reduced per Tenth Circuit precedent." Doc. #89, p. 11. Because a judgment has not yet been entered, such an argument is premature. However, the court has addressed the remaining issues on the assumption that the jury's verdict is valid.*

[2] *Defendant requested in its post-trial report that the court order additional briefing or hold an evidentiary hearing before granting any injunctive relief. Doc. #89. M&N then filed a motion for an evidentiary hearing, which the court denied. Doc. # 95. However, the court granted defendant's request that it be permitted to submit evidence addressing the issue of whether the threatened injury to plaintiff outweighs any harm the proposed injunction may cause defendant.*

[3] *"The Seventh Amendment protects a party's right to a jury trial by ensuring that factual determinations made by a jury are not thereafter set aside by the court, except as permitted under the common law." Musket Corp. v. Star Fuel of Oklahoma, LLC, 606 Fed. Appx. 439, 447 (10th Cir. 2015) (internal quotation marks omitted). Therefore, in fashioning equitable relief "the court must defer to the jury's fact-finding unless that finding is set aside." Id.*

Background

JEG and M&N are both authorized Honda dealerships in the City of Stillwater, Oklahoma. JEG mainly sells recreational vehicles, such as motorcycles and ATVs, and M&N is a car dealership, selling new and used vehicles. JEG purchased the dealership in 2007, along with its predecessor's tradenames, "Stillwater Honda" and "Honda of Stillwater," which it has used since then.[4] Plaintiff registered both tradenames with the Oklahoma Secretary of State in May 2010, but not with the United States Patent and Trademark Office.[5]

In early 2014 defendant, which was operating as Barry Sanders Super Center, offered to purchase the rights to use the tradename "Stillwater Honda" and the domain name http://www.stillwaterhonda.com from JEG for $1,000. Plaintiff refused to sell. The next month defendant increased the offer to $10,000, but plaintiff again refused to sell. Defendant then reached agreement with American Honda Motor Company to do business using the tradename "Stillwater Honda Cars," instead of "Stillwater Honda." In June 2014, M&N registered the tradename "Stillwater Honda Cars" with the Oklahoma Secretary of State. On September 8, 2014, plaintiff sent defendant a cease and desist letter, demanding that it stop using its tradenames. Defendant did not respond to the letter. Defendant

---

[4] *Plaintiff's predecessor had been using the tradename "Honda of Stillwater" in commerce since 2002.*

[5] *Plaintiff's tradenames are still entitled to protection under the Lanham Act, despite their lack of registration.15 U.S.C. § 1125(a)(1).*

finalized its name change from Barry Sanders Super Center to "Stillwater Honda Cars" in October 2014.

In conjunction with its business, defendant displays the tradename "Stillwater Honda" on the outside of its store, with the word "Cars" also appearing, but in a somewhat separate portion of the building's frontage. In the past defendant also has referred to "Stillwater Honda" in radio advertisements. The radio ads ran through approximately the end of 2015, but not since then. Since defendant changed the name of its business, defendant's customers repeatedly have called plaintiff, instead of defendant, by mistake on a daily basis. Sometimes the callers are irate and angry because of some issue they have had with defendant. Plaintiff's evidence included testimony that the calls it received, but which were actually intended for defendant, averaged 9-12 per day. While that number likely overstated the number, the court finds that a substantial number of misdirected calls happened on a regular basis. Defendant's customers also have stopped by plaintiff's store, thinking they are at defendant's car dealership, and plaintiff has received misdirected parcels and fax messages. This constant customer confusion interrupts plaintiff's business, requiring plaintiff's employees to divert their time and attention from their other responsibilities. There was some reputational harm to the plaintiff due to the customers' confusion and bad publicity defendant had received. However, the reputational harm appears to be less significant (in terms of its impact on plaintiff) than the frequent interruptions from misdirected calls.

Injunction

A court may grant an injunction under the Lanham Act "according to the principles

of equity and upon such terms as the court may deem reasonable."  15 U.S.C. § 1116(a)

To obtain a permanent injunction, a plaintiff "bears the burden of showing: (1) actual

success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened

injury outweighs the harm that the injunction may cause the opposing party; and (4) the

injunction, if issued, will not adversely affect the public interest."  Fisher v. Oklahoma

Health Care Auth., 335 F.3d 1175, 1180 (10th Cir. 2003); *see* eBay Inc. v. MercExchange,

L.L.C., 547 U.S. 388, 391 (2006) (to obtain relief, plaintiff seeking a permanent injunction

"must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available

at law, such as monetary damages, are inadequate to compensate for that injury; (3) that,

considering the balance of hardships between the plaintiff and defendant, a remedy in

equity is warranted; and (4) that the public interest would not be disserved by a permanent

injunction").[6]

As for the first factor, defendant acknowledges that plaintiff achieved success on

the merits at least as to the "Stillwater Honda" name. Doc. #89, p. 8.  The jury concluded

that defendant's use of the name "Stillwater Honda Cars" infringed plaintiff's tradename

"Stillwater Honda" under the Lanham Act and under Oklahoma common law. The more

---

[6] *The second and third prongs of the* eBay *test "involve virtually the same analysis."* Neurovision Med. Prod., Inc. v. NuVasive, Inc., *2014 WL 12554861, at \*1 n.1 (C.D. Cal. Aug. 5, 2014).*

difficult issue is whether plaintiff established the second factor -- that it has suffered an irreparable injury.

The Tenth Circuit has previously held that '[i]rreparable injury is frequently presumed where a trademark is wrongfully appropriated by another." <u>Lorillard Tobacco Co. v. Engida,</u> 213 Fed. Appx. 654, 656–57 (10th Cir. 2007) ) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.,* 936 F.2d 1096, 1100–01 (10th Cir.1991), *overruled on other grounds by O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* 389 F.3d 973, 975 (10th Cir.2004) (*en banc*));[7] <u>Gen. Motors Corp. v. Urban Gorilla, LLC</u>, 500 F.3d 1222, 1229–30 (10th Cir. 2007) ("infringement alone can constitute irreparable injury and ... the movant is not required to show that it lost sales") (internal quotation marks omitted).  However, as the court noted in <u>Lorillard</u>, that conclusion may have been affected by the Supreme Court's "disapprov[al] [of] the use of categorical rules in connection with injunctive relief in intellectual property actions" in <u>eBay</u>.  <u>Lorillard</u>, 213 Fed. Appx. at 657.  The general consensus among the courts that have addressed the issue is that the <u>eBay</u> analysis extends to trademark/tradename cases.  *E.g*., <u>Ferring Pharm., Inc. v. Watson Pharm., Inc.</u>, 765 F.3d 205, 214 (3d Cir. 2014) (a presumption of irreparable harm in trademark infringement cases is no longer permitted), *holding modified on other grounds by* <u>Reilly v. City of Harrisburg</u>,

---

[7]*Although some of these cases address preliminary, rather than permanent, injunctions, the distinction is not significant.  "'The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.'"* <u>Ferring Pharm., Inc. v. Watson Pharm., Inc.</u>, *765 F.3d 205, 215 n.9 (3d Cir. 2014) (quoting* <u>Amoco Prod. Co. v. Vill. of Gambell, Alaska</u>, *480 U.S. 531, 546 n. 12, (1987)).*

858 F.3d 173 (3d Cir. 2017); <u>Tony's Taps, LLC v. PS Enters., Inc.</u>, 2012 WL 1059956, at *4 n. 6 (D. Colo. March 29, 2012). Assuming <u>eBay</u> applies to tradename cases, plaintiff must do more than merely demonstrate that its tradename has been infringed to establish irreparable injury. The court concludes, though, that the required showing has been made here.

Plaintiff did not establish any identifiable lost sales at trial, yet the jury awarded damages in the amount of $160,000. The jury necessarily found plaintiff suffered substantial harm from defendant's infringement of its tradename. Based on the evidence that was introduced at trial, that harm resulted principally from the disruption to plaintiff's business caused by consumer confusion. The award, though, only covers past harm. If an injunction does not issue and defendant is not required to change its name, "[p]laintiff's only remedy would be to sue [defendant] repeatedly." <u>Neurovision Med. Prod., Inc. v. NuVasive, Inc.</u>, 2014 WL 12554861, at *1 (C.D. Cal. Aug. 5, 2014). As one commentator noted, "[i]f an injunction were denied, the court would be telling plaintiff to sit by and watch defendant continue to violate the law and infringe upon plaintiff's rights until such time as plaintiff decided to sue again for money damages as compensation for the past injury incurred." 5 McCarthy on Trademarks and Unfair Competition 30:2. Because attorney's fees are awarded only in "exceptional" cases, it could be costly for plaintiff to bring such lawsuits. <u>Neurovision</u>, 2014 WL 12554861, at *1. Repeated litigation would be another source of disputation to plaintiff's business operations. *Id*.[8]

---

[8] *Courts have also concluded that damage to goodwill can constitute irreparable injury. <u>Steak n Shake Enterprises, Inc. v. Globex Co., LLC</u>, 2013 WL 4718757, at *13 (D. Colo. Sept. 3,*

The court concludes that, because of the likelihood of future harm if defendant continues to violate plaintiff's rights to its tradename, plaintiff has demonstrated both the required irreparable harm and that it has no adequate remedy at law.

As for the third factor – the balance of hardships – defendant asserts that an injunction would have a devastating effect on its business. Defendant asserts that it would have to close its dealership for an indeterminate amount of time and would incur substantial costs associated with changing its name from "Stillwater Honda Cars" to something else, including having to spend "hundreds of thousands of dollars" in advertising. However, as defendant appears to acknowledge, the impact of any injunction would be reduced considerably if defendant is allowed a reasonable time to effect the name change. A transition period would allow it to continue to operate its dealership and avoid closing the business during the transition period.[9] That leaves for consideration the impact of the costs defendant claims it will incur if enjoined.

---

*2013) (Franchisor's "reputation is endangered by [terminated] Franchisees' use of [Franchisor's] brand") ; CrossFit, Inc. v. Jenkins, 69 F. Supp. 3d 1088, 1105–06 (D. Colo. 2014) ("Jenkins's past actions indicate that he will continue to violate CrossFit's trademarks. Jenkins's conduct, if not enjoined, will cause irreparable harm to the goodwill and reputation that CrossFit has cultivated for its marks."), appeal filed, (1st Cir. Aug. 2, 2016) (No. 16-1987). And one court determined that potential damage to reputation can be the basis for a finding of irreparable harm. See Brooklyn Brewery Corp. v. Black Ops Brewing, Inc., 156 F. Supp. 3d 1173, 1185 (E.D. Cal. 2016) ("If Defendant uses Plaintiff's mark, Defendant borrows the [Plaintiff's] reputation, whose quality no longer lies within [Plaintiff's] own control. This is an injury, even though the borrower does not tarnish it, or divert any sales by its use and creates the potential for damage to [Plaintiff's] reputation.") (internal quotation marks omitted). While plaintiff's evidence of damage to its reputation, alone, was not enough to establish irreparable harm, it supports the court's conclusion that defendant's action have caused and will continue to cause plaintiff irreparable harm.*

*[9] Defendant would have time to obtain the needed approval for a new name from Honda and from the state agency that approves changes to its sales license. This would address*

Defendant asserts that if an injunction is issued, it will have to pay approximately $15,000 to acquire new signage and replace items, such as business cards and floor mats that bear the name of the dealership. It asserts it also will incur additional advertising costs with estimated expenses for the first six months in the amount of $270,000. Those costs, though, must be weighed against the harm to the plaintiff – the continued interruption to JEG's business and damage/potential damage to its good will and reputation if defendant is not enjoined.

Because an injunction can be fashioned that will address many of the concerns defendant raises, the court is not convinced that "[t]he hardship of an injunction against the use of the name 'Stillwater Honda Cars' would be severe." Doc. #96, p. 4. In these circumstances, the court concludes the balance of the hardships warrants the granting of appropriately tailored equitable relief.

The final factor, the public interest, tips in favor of equitable relief.[10] "There is a public interest in protecting a party from customer confusion resulting from an <u>infringing mark</u> . . . ." <u>Tony's Taps,</u> 2012 WL 1059956, at *7. The jury found both an infringing mark and consumer confusion.

The showing necessary for the granting of injunctive relief has been made by plaintiff. By providing a transition process and time period for defendant's conversion, the serious damages defendant claims will result can be avoided while also protecting

_defendant's concern that a permanent injunction would have the "de facto effect of closing M & N's dealership until a new name could be approved by both of those entities." Doc. #96, p. 2._

[10] _Defendant asserts that this factor is "neutral at best." Doc. #89, p. 11._

plaintiff's rights in the tradename. In the circumstances existing here, including the time reasonably necessary to accomplish a relatively prompt but not precipitous transition, the nature and degree of the interference with plaintiff's operation, the misdirected calls and other customer confusion in the meantime, and other factors, the court concludes a twelve month transition period is appropriate. Further, during any portion of that period during which defendant continues to use the name "Stillwater Honda" on its building or otherwise, it shall pay plaintiff the sum of $4000 per month as a royalty for use of the name.

### Enhanced damages

In addition to the damages awarded by the jury, plaintiff seeks enhanced damages. Under the Lanham Act, the court may enter judgment of up to three times the actual damages award. 15 U.S.C. § 1117(a) ("In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount."). Defendant did use the name "Stillwater Honda Cars" after they knew of plaintiff's competing interest and claim to "Stillwater Honda." However, there was a reasonable dispute over whether the tradename was protectable due to its having acquired a secondary meaning. While plaintiff ultimately prevailed on that issue with the jury, the result was not obvious. In the face of that legal uncertainty, defendant's use of the tradename "Stillwater Honda Cars" did not amount to willful or bad faith infringement.[11] The question of what losses plaintiff did, in fact, sustain as a result of the infringement was a highly contested issue, which the jury resolved. And

---

[11] *The court also notes that plaintiff's business was generally known as Honda of Stillwater rather than Stillwater Honda.*

10

plaintiff has been adequately compensated.  Under all these circumstances, the court concludes an enhancement of the damages is not warranted. *See generally* Procter & Gamble Co. v. Haugen, 2008 WL 2518719, at *3 (D. Utah June 20, 2008).

Conclusion

For the reasons set forth above, the court concludes that plaintiff is entitled to a permanent injunction, as described here and as set forth by separate order.  The court also concludes that plaintiff is not entitled to enhanced damages.

**IT IS SO ORDERED**.

Dated this 8th day of September, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE