# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEG POWERSPORTS, LLC, )<br>d/b/a STILLWATER HONDA and d/b/a )<br>HONDA OF STILLWATER, )<br>an Oklahoma Limited Liability Company )<br>)<br>)<br>Plaintiff, )<br>vs. )<br>)<br>M & N DEALERSHIP VI, LLC, d/b/a )<br>BARRY SANDERS HONDA, and d/b/a )<br>BARRY SANDERS SUPERCENTER, )<br>and d/b/a STILLWATER HONDA CARS, )<br>and d/b/a STILLWATER HONDA )<br>MOTORS, )<br>)<br>Defendant. ) | NO. CIV-16-0242-HE |

## ORDER

Plaintiff JEG Powersports, LLC, d/b/a Stillwater Honda and d/b/a Honda of Stillwater ("JEG") sued M & N Dealership VI, LLC, d/b/a Barry Sanders Honda and d/b/a Barry Sanders Supercenter and d/b/a Stillwater Honda Cars and d/b/a Stillwater Honda Motors ("M&N"), asserting tradename infringement and unfair competition/false advertising claims under the Lanham Act, 15 U.S.C. §§ 1051–1141, and unfair competition and tradename infringement claims under Oklahoma law. Plaintiff sought injunctive relief and monetary damages. Before trial, plaintiff limited its claims against defendant, asserting only trademark infringement claims under the Lanham Act, 15 U.S.C. § 1125(a), and Oklahoma common law. Specifically, JEG alleged that M&N infringed its unregistered tradenames, "Honda of Stillwater" and "Stillwater Honda." The case was tried to a jury,

which found in favor of M&N with respect to plaintiff's claims based on its tradename "Honda of Stillwater." The jury found in favor of plaintiff with respect to its infringement claims based on its tradename "Stillwater Honda" and awarded plaintiff damages in the amount of $160,000.00. The court then concluded plaintiff was entitled to injunctive relief, but not enhanced damages.[1] Plaintiff now seeks to recover its attorney's fees and litigation expenses pursuant to 15 U.S.C. § 1117(a).

Analysis

The Lanham Act allows the court to award reasonable attorney's fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). Neither the Supreme Court nor the Tenth Circuit has recently considered a fee award under § 1117(a).[2] In Octane Fitness, LLC v. Icon Health & Fitness, ___ U.S. ___, 134 S.Ct. 1749 (2014), the Supreme Court did, though, analyze identical language in the Patent Act. 35 U.S.C. § 285. There the Court rejected the Federal Circuit's conclusion that a case was exceptional only if the district court found, by clear and convincing evidence "litigation-related misconduct of an

---

[1] *Under the Lanham Act,* a *court may grant an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," 15 U.S.C. § 1116(a), and may enter judgment up to three times the amount "found as actual damages." 15 U.S.C. § 1117(a).*

[2] *In King v. PA Consulting Grp., Inc., 485 F.3d 577 (10th Cir. 2007), the Tenth Circuit explained that a case could be deemed "exceptional" for purposes of awarding attorney's fees under the Lanham Act "because of "'(1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well.'" Id. at 592 (quoting Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc., 223 F.3d 1143, 1147 (10th Cir.2000)). The court also stated that "[i]n more general terms," courts "look to both the objective strength of a plaintiffs Lanham Act claim and the plaintiff's subjective motivations." Id. In certain respects the standard stated by the Tenth Circuit in King parallels that subsequently articulated by the Supreme Court in Octane Fitness, LLC v. Icon Health & Fitness, ___ U.S. ___, 134 S.Ct. 1749 (2014).*

independently sanctionable magnitude or determine[d] that the litigation was both brought in subjective bad faith and objectively baseless." *Id.* at 1756 (internal quotation marks omitted). The Supreme Court defined an "exceptional" case under §285 as any which "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* The Court noted it had previously "explained that in determining whether to award fees under a similar provision in the Copyright Act, district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)). It also made clear that a bad faith requirement would render § 285 superflous, stating: "'We have long recognized a common-law exception to the general American rule against fee-shifting—an exception, inherent in the power [of] the courts that applies for 'willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 1758.

While acknowledging that Octane Fitness directly concerns the scope of a district court's discretion to award fees for an 'exceptional' case under § 285 of the Patent Act," several appellate courts have used the case to guide their interpretation of § 1117(a) of the Lanham Act. Baker v. DeShong, 821 F.3d 620, 623-24 (5th Cir. 2016); Georgia-Pacific Consumer Prods. LP v. von Drehle Corp., 781 F.3d 710, 720-21 (4th Cir. 2015); Fair Wind

3

Sailing, Inc. Dempster, 764 F.3d 303, 313-15 (3d Cir. 2014).[3] The court similarly finds Octane Fitness to be instructive here, "[i]n light of the Supreme Court's clear guidance under § 285 – and given the parallel purpose, structure, and given the parallel purpose, structure, and language of §1117(a) to 285." Baker, 821 F.3d at 624.

Plaintiff contends this case is exceptional under the Octane Fitness standard because M&N "clearly, knowingly, and intentionally co-opted JEG's registered trademark." Doc. #102, p. 8. Plaintiff claims defendant, when its efforts to obtain permission to use the JEG tradename were unsuccessful, begin infringing the tradename Stillwater Honda by using the tradename in an advertising campaign and "on public signage it continues to display to this day." Id. at p. 9. Plaintiff asserts that, while defendant was aware of the confusion that can result among stores with the same or similar names, it "chose to willfully infringe on a smaller company." Id. Plaintiff also argues that, because M&N failed to engage in "meaningful, good-faith effort[s] to find a resolution," defendant forced it, "a much smaller entity with relatively limited resources, into litigation to protect its valuable tradenames." Id. at pp. 9, 12.

Considering the totality of the circumstances and applying the Octane Fitness standard, the court concludes this case does not merit an award of attorney's fee award under §1117(a). This is not a situation where there was "an unusual discrepancy in the merits of the positions taken by the parties," Fair Wind Sailing, 764 F.3d at 315, so that the case was uncommon with respect to the relative strengths of the parties' substantive

---

[3] *The Tenth Circuit has not interpreted the term "exceptional," as it is used in the Lanham Act, since the Supreme Court's decision in Octane Fitness.*

4

litigating positions. Plaintiff not only dropped multiple claims before trial, as defendant points out, JEG's victory at trial was only partial. Its success was limited to its secondary tradename, "Stillwater Honda," with the jury finding in favor of defendant with respect to plaintiff's primary tradename, "Honda of Stillwater." The court previously recognized, when denying plaintiff's request for enhanced damages, that defendant did use the name "Stillwater Honda Cars" after it knew of plaintiff's competing interest and claim to "Stillwater Honda." Doc. #100, p. 10. However, there was a reasonable dispute over whether the tradename had acquired a secondary meaning and therefore was protectable. In light of that legal uncertainty, defendant's use of the tradename "Stillwater Honda Cars" did not amount to willful or bad faith infringement.[4] *Id.* It cannot be said here that there was such disparity between the parties' litigating positions that the present case "stands out from others" so that fees are warranted under the first prong of the Octane Fitness test.

This case also did not involve the sort of "wasteful procedural maneuvers or dilatory tactics" that are the hallmark of a case that has been litigated in an unreasonable manner." Parks, LLC v. Tyson Foods, Inc., 2017 WL 3534993, at *1 (E.D. Pa. Aug. 17, 2017) (internal quotation marks omitted). Notably, plaintiff does not argue otherwise. In its brief JEG does not mention the manner in which defendant litigated the action, much less assert that it was unreasonable.

---

[4] *The court recognizes, though, that willfulness or bad faith is not required for a fee award under* Octane Fitness.

The court therefore concludes plaintiff is not entitled under the Octane Fitness standard to an award of attorney's fees. It also denies plaintiff's motion insofar as it seeks, pursuant to 15 U.S.C. § 1117(a), to recover its litigation expenses.

Defendant objects to plaintiff's recovery of costs due to its failure to comply with LCvR54.1. The court agrees that JEG is not entitled to an award of costs due to its noncompliance with the local rule. Plaintiff did not file a bill of costs and it failed to provide invoices or receipts or otherwise substantiate any of the invoices for which it seeks reimbursement.[5]

The court has concluded that neither the parties' litigation positions nor defendant's litigation tactics in this case were "exceptional" enough to merit an award of attorney's fees to plaintiff under the Lanham Act. Further, it has not established an entitlement to costs. Accordingly, plaintiff's motion [Doc. #102] is denied with respect to its request for attorney's fees and its request for costs.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[5] *Plaintiff asserts that it does not have to comply with the local rule because the "[r]ecovery of costs is specifically set out in the Lanham act with no other requirement other than a showing of liability." Doc. 109, p. 4. JEG cites no authority in support of its position. The court can, at a minimum, impose a requirement that expenses be authenticated.*